UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12031-RGS
CRIMINAL ACTION NO. 08-10078-RGS

THUONG DUY HOANG

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

January 11, 2013

STEARNS, D.J.

Petitioner Thuong Duy Hoang filed this *pro se* petition to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255.  Hoang argues that his conviction should be vacated because of ineffective assistance of counsel and his sentence should be modified because it is unreasonable. For the reasons set forth below, the petition will be denied.

BACKGROUND

On April 3, 2008, Hoang was indicted for conspiracy to distribute 3,4 methylenedioxymethamphetamine/MDMA (ecstasy) and marijuana, in violation of 21 U.S.C. § 846, and conspiracy to collect a debt by extortionate means, in violation of 18 U.S.C. § 894.  Following a four-day jury trial, Hoang was found guilty on both

counts and sentenced to 120 months of imprisonment, followed by three years of supervised release.

Hoang filed a timely notice of appeal challenging his conviction, alleging that the district court erred in admitting various portions of the testimony of Agent Carl Rideout and fellow DEA Agent John Ribeiro. On December 28, 2011, the First Circuit Court of Appeals summarily affirmed Hoang's conviction. The United States Supreme Court denied Hoang's writ of certiorari on April 23, 2012. 132 S. Ct. 1986. This section 2255 petition followed.

## DISCUSSION

Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable § 2255 claim that does not raise constitutional or jurisdictional issues must

reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the

burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20,

26-27 (1st Cir. 1980).

## Ineffective Assistance of Counsel

Hoang contends that he did not receive constitutionally effective assistance from

his trial attorney. He bases this claim on his attorney's failure to: (1) argue that the

district court lacked jurisdiction over the offenses for which he was convicted;[1] and (2)

---

[1] Apart from the allegation that counsel rendered ineffective assistance by failing to raise the jurisdictional issue at trial, Hoang also makes an independent substantive claim that his conviction should be vacated on the same ground. Hoang's argument is that Congress does not have the constitutional authority to enact laws regulating intrastate criminal activity as 21 U.S.C. § 846 and 18 U.S.C. § 894 purport to do. Consequently, the district court lacked jurisdiction over Hoang's case. Because Hoang did not raise these claims at trial or on direct appeal, they have been procedurally defaulted. *See Derman v. United States*, 298 F.3d 34, 44 (1st Cir. 2002) (noting the "general rule that a criminal defendant must seasonably advance an objection to a potential constitutional infirmity to preserve the point for collateral attack"). Although a petitioner's procedural default may be excused by a showing of either actual innocence or cause and prejudice, Hoang has not attempted to make either showing. *Id.* at 45. Therefore, Hoang's jurisdictional claim may only be pressed through his claim of ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 504 ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). As a practical matter, this may be a distinction without a difference as the standard for a showing of prejudice in the context of a procedural default is the same as the showing required under *Strickland* to prove ineffective assistance. *See Prou v. United States*, 199 F.3d 37, 49 (1st Cir. 1999). *See also Gonzalez-Soberal v. United States*, 244 F.3d 273, 277-278 (1st Cir. 2001) ("Addressing the prejudice prong prior to evaluating counsel's conduct is a permissible approach and even endorsed where more efficient.") .

object to the testimony of the DEA agents related to the investigation, the interpretation of coded conversations, and the identifications of co-conspirators.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defence." The right to counsel includes the right to effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Effective counsel does not mean perfect counsel. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id.* at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). *Strickland* sets forth a two-part test for ineffective assistance claims. "First, a reviewing court must assess the proficiency of counsel's performance under prevailing professional norms. . . . This evaluation demands a fairly tolerant approach; after all, the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense. . . . The second line of inquiry . . . entails a showing of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir.

1994) (internal quotation marks omitted).

To satisfy the first prong of the *Strickland* test, Hoang must demonstrate that his counsel's performance was so deficient as to have been objectively unreasonable. *See United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993). Counsel's conduct is considered reasonable if it falls "'within the range of competence demanded of attorneys in criminal cases.'" *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978), quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970).

To satisfy the second *Strickland* prong, Hoang must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. While Hoang does not need to prove that his counsel's deficient conduct more likely than not altered the result, he must show that his counsel's errors "had some conceivable effect on the outcome of the proceeding." *Id*. at 693. *See also Dugas v. Coplan*, 506 F.3d 1, 9 (1st Cir. 2007).

### A. Federal Jurisdiction

Hoang claims that he did not receive constitutionally effective assistance of counsel because his trial attorney did not challenge the district court's jurisdiction over his criminal case. Hoang's basis for this claim is the contention that his criminal activity occurred entirely within Massachusetts, and thus the federal laws governing

conspiracy to distribute controlled substances (21 U.S.C. § 846) and conspiracy to collect debt by extortionate means (18 U.S.C. § 894) are invalid as applied in his case. The claim is resourceful, but without merit.

The power of Congress to enact both statutes is located in the Commerce Clause, U.S. Const. Art I, § 8, cl.3. The Supreme Court has upheld the constitutionality of the Controlled Substances Act (21 U.S.C. §801 *et seq.*) and Title II of the Consumer Credit Protection Act (18 U.S.C. §891 *et seq.*) against Commerce Clause challenges identical to Huang's. *See Gonzales v. Raich*, 545 U.S. 1, 22 (2005) ("Congress was acting well within its authority to 'make all Laws which shall be necessary and proper' to 'regulate Commerce . . . among the several States'" even though its "regulation ensnares some purely intrastate activity."); *Perez v. United States*, 402 U.S. 146, 154 (1971) ("Extortionate credit transactions, though purely intrastate, may in the judgment of Congress affect interstate commerce.").  In light of this controlling precedent, Huang's counsel would have only made himself look foolish by bringing a frivolous challenge to the court's jurisdiction.

**B. Testimony of DEA Agents**

Hoang's second ineffective assistance claim questions his attorney's failure to

object to much of the trial testimony of the DEA agents.[2]  Specifically, Hoang alleges that Agent Carl Rideout's testimony regarding the background of the investigation into Hoang, his interpretation of coded language in recorded phone calls between co-conspirators, and his identification of the speakers in those conversations was inadmissible as improper overview testimony or hearsay.  These claims, while now dressed in the attire of ineffective assistance of counsel, originally appeared in the more conventional raiment of complaints about the evidentiary rulings of the trial court and the tack taken by his counsel in interposing objections, complaints that were rejected by Court of Appeals.  The rule could not be more clear.  Claims raised in a section 2255 petition that were "decided on direct appeal [ ] may not be relitigated under a different label on collateral review."  *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam).[3]  *See also Tracey v. United States*, 739 F.2d 679, 682 (1st Cir. 1984) ("Issues disposed of on a prior appeal will not be reviewed again by way of a 2255 motion.");  *Dowdell v. United States*, 859 F. Supp. 2d 176, 179 (D. Mass. 2012)

---

[2] Hoang's trial attorney did object to Rideout's identification of the speakers' voices in the wiretapped conversations.

[3] In his § 2255 petition, Hoang admits that he is "incorporat[ing] the claims made on his direct appeal . . . [but] requests this Honorable Court to render [its] decision on the claims made on appeal but under the abuse of discretion standard or as if his trial counsel had objected to the testimony as outlined in the appellate brief."  Pet. Mot. to Vacate, Set Aside, or Correct Sentence, 11 (Oct. 25, 2012).

("It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition.").

## Sentencing

Hoang also challenges his sentence as "unreasonable," despite his acknowledgment that it is well below the range suggested by the federal Sentencing Guidelines. While he does not give an explicit label to the alleged defect in his sentencing, given the chosen vehicle of a section 2255 petition, the fair assumption is that Hoang is objecting to the district court's calculation of the sentencing range using the Guidelines' 1:500 MDMA-to-marijuana ratio as constitutionally unreasonable, presumably as a matter of due process. Although an irrational classification imposed by federal law would violate the equal protection component of the Due Process Clause, *see United States v. Singleterry*, 29 F.3d 733, 740 (1st Cir. 1994), Hoang points to nothing of an irrational nature about a mathematical formula that is intended to bring consistency to the calculation of the weight of controlled substances that are not referenced in the statutorily directed Drug Quantity Table. *See* U.SS.G. § 2D1.1, comm. 8.[4]  In any event, the court need not reach the issue as Hoang did not raise it on

---

[4] While Hoang points out that some district courts as matter of discretion have applied a 1:200 conversion ratio instead of the 1:500 ratio prescribed by the Guidelines, there is nothing untoward in a sentencing court's decision to adhere to the Guidelines

direct appeal. *See Derman*, 298 F.3d at 45. ORDER

ORDER

For the foregoing reasons, Hoang's Petition to Vacate Conviction and Correct

Sentence  is <u>DENIED</u>. The Clerk will dismiss the petition with prejudice and close the

case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED   STATES   DISTRICT   JUDGE

---

formula. *See United States v. Ferguson*, 447 F. App'x 898, 902-903 (10th Cir. 2012) (district court's application of the advisory 1:500 MDMA-to-marijuana conversion ration was not abuse of discretion).